[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10726
Non-Argument Calendar
_____

D.C. Docket No. 0:11-cv-62525-WPD

NASRA M. ARAFAT,
(previous married name Ibrahim),

                                                          Plaintiff-Appellant,

versus

SCHOOL BOARD OF BROWARD COUNTY,
(Broward County Public Schools),

                                                          Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 4, 2013)

Before TJOFLAT, WILSON and JORDAN, Circuit Judges.

PER CURIAM:

Nasra M. Arafat, proceeding pro se, appeals the district court's dismissal of her second amended complaint against the School Board of Broward County (Board).  Arafat alleged that the Board (1) sexually harassed her, in violation of  42 U.S.C. § 2000e-2(a)(1) (Title VII); (2) displayed disparate treatment on the basis of race, national origin, and religion, in violation of Title VII, § 2000e-2(a)(1); (3) retaliated against her, in violation of  Title VII, § 2000e-3(a); (4) discriminated against her on the basis of age, in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623(a)(1); and (5) paid her less than equally situated male counterparts, in violation of the Equal Pay Act (EPA), 29 U.S.C. § 206(d).

On appeal, Arafat maintains that she pleaded sufficient facts to support each of her five substantive claims.  We review de novo the district court's grant of a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1303 (11th Cir. 2008).  To survive a motion to dismiss, a complaint must contain sufficient factual matter to make a claim for relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).  A complaint that merely provides "a formulaic recitation of the elements of a cause of action" is inadequate.  *Id* (internal quotation marks omitted).

After careful review of Arafat's complaint, we conclude that the district

2

court properly dismissed all claims with prejudice and accordingly affirm.

## I. Title VII Claims

### A. Hostile Work Environment

Title VII prohibits employers from sexually harassing employees and thereby creating a hostile work environment. *Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 807 (11th Cir. 2010) (en banc). To plead a prima facie case, a plaintiff must allege that (1) she belongs to a protected group, (2) she has been subject to unwelcome harassment, (3) the harassment was based on her gender, (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment, and (5) there is a basis for holding the employer liable. *See Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1245 (11th Cir. 1999) (en banc).

At a minimum, Arafat's complaint fails to satisfy the fourth element of this test. The fourth element includes both a subjective and objective aspect. *Id.* at 1246. Even if an employee perceives that harassment is severe and pervasive, her claim must fail if that perception it not objectively reasonable. *Id.* We apply a four factor test to determine objective reasonableness: (1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating; and (4) whether the conduct unreasonably interferes with the employee's job performance. *Id.* Generally, "isolated incidents (unless

3

extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788, 118 S. Ct. 2275, 2283 (1998) (internal quotation marks omitted).

Arafat alleged a single incident of misconduct, in which a high school employee touched her shoulder while escorting her to a different location in the school.  Such fleeting contact, unaccompanied by sexual suggestiveness or aggression, is insufficient to make Arafat's perception of severe and pervasive harassment objectively reasonable.  *Id.*

## B. Disparate Treatment

To state a claim for disparate treatment under Title VII a plaintiff must show that: (1) she is a member of a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) she was treated less favorably than a similarly-situated individual outside her protected class.  *Maynard v. Bd. of Regents*, 342 F.3d 1281, 1289 (11th Cir. 2003).  When comparing her treatment to a non-protected employee under the fourth element, the plaintiff must show that she and the other employee were similarly situated in "all relevant respects."  *Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997) (per curiam).  If a plaintiff fails to show the existence of a similarly-situated employee, judgment as a matter of law is appropriate where no other plausible allegation of discrimination is present.  *See id.*

4

Arafat alleged that the Board discriminated against her by paying her too little, reducing her work hours, issuing negative evaluations, terminating her employment, and refusing to let her attend a public job fair. The district court properly determined that her allegations were too "tenuous" and "conclusory" to support her claims. Arafat generically referenced younger males, but nowhere in her complaint does she identify any valid comparators to undergird her disparate treatment claims. Her allegations, therefore, do not plausibly suggest intentional discrimination, and her disparate treatment claims fail as a result.

### C. Retaliation

To state a claim for retaliation under Title VII, a plaintiff must allege the following elements: (1) she participated in an activity protected by Title VII; (2) she suffered an adverse employment action; and (3) there is a causal connection between the participation in the protected activity and the adverse action. *Pipkins v. City of Temple Terrace*, 267 F.3d 1197, 1201 (11th Cir. 2001). Under the first element of this test, filing a complaint as Arafat did is protected. A Title VII retaliation claim cannot be established, however, if plaintiff was objectively unreasonable in believing that the conduct she complained of was illegal. *See Dixon v. The Hallmark Cos.*, 627 F.3d 849, 857 (11th Cir. 2010).

According to Arafat, the Board terminated her employment in retaliation for her reporting the single incident of alleged sexual harassment detailed above.

5

Because it was not objectively reasonable for Arafat to believe the single incident of touching alleged here was an unlawful employment practice, her reporting of that incident was not a protected expression. *See Id.* The brief and isolated touching incident alleged here, in a context otherwise free of sexual suggestion, would not cause an objectively reasonable person to believe that the Board had engaged in an unlawful employment practice. Accordingly, the court correctly determined that, at a minimum, Arafat did not allege facts to suggest that she engaged in a protected activity—the first element to a Title VII retaliation claim.

## II. **Arafat's ADEA Claim**

The ADEA prohibits employers from discriminating against any employee who is at least forty years of age because of that employee's age. 29 U.S.C. §§ 623(a)(1), 631(a). To state a claim under ADEA, a plaintiff must allege the following elements: (1) she was a member of a protected class; (2) she was subjected to an adverse employment action; (3) she was qualified to do the job; and (4) she was replaced by or otherwise lost a position to a younger individual. *See Chapman v. AI Transp.*, 229 F.3d 1012, 1024 (11th Cir. 2000) (en banc). However, "the bare fact that an employer encourages employment of recent college and technical school graduates does not constitute unlawful age discrimination." *Williams v. General Motors Corp.*, 656 F.2d 120, 130 n.17 (5th

6

Cir. 1981).[1]

Arafat alleged only a single remark that could possibly constitute age discrimination—a remark at a job fair that the Board prefers "fresh graduate[s]." As the district court pointed out, an employer may encourage the hiring of recent graduates without running afoul of the ADEA. *Id.* Given that the employee's alleged remark might have expressed a preference regarding experience rather than age, the court correctly determined that the remark alone was insufficient to support a plausible inference of intentional discrimination. Moreover, Arafat did not allege any facts to show that a younger, non-protected individual was actually hired instead. Accordingly, Arafat's ADEA claim is insufficient in multiple respects.

## III.  Arafat's EPA Claim

To state a claim under the EPA, a party must show that the employer paid employees of one gender lower wages for equal work which required "equal skill, effort, and responsibility, and which [was] performed under similar working conditions." *Steger v. Gen. Elec. Co.*, 318 F.3d 1066, 1078 (11th Cir. 2003) (internal quotation marks omitted).

Arafat alleged only that "male and younger" employees who worked jobs "requiring equal skill, effort and responsibility" were paid more than her during her

---

[1] In B*onner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

employment with the Board.  She did not plead the facts comparing her skill, effort, and responsibility levels to those younger males who were allegedly paid more than her.  Her conclusory and "formulaic recitation of the elements" of an EPA claim is insufficient to state a claim.  *Ashcroft*, 556 U.S. at 678, 129 S. Ct. at 1949 (internal quotation marks omitted).  The district court properly dismissed Arafat's EPA claim.

Arafat failed to allege sufficient facts to establish the elements of any of her claims, and the district court therefore properly dismissed her complaint.  Because this is now Arafat's third failed attempt to plead facts sufficient to state a claim, the district court properly dismissed with prejudice.

**AFFIRMED.**